IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HELM, M.D. and | § | |
| SHARYN HELM, Individually and | § | |
| as Next Friends of H.H., a | § | |
| Minor, Q.H., a Minor, and | § | |
| R.H., a Minor | § | |
| | § | |
| VS. | § | ACTION NO. 4:11-CV-109-Y |
| | § | |
| MOOG INC., ET AL. | § | |

## ORDER GRANTING AMENDED MOTION TO REMAND

Pending before the Court is Plaintiffs' Amended Motion to Remand (doc. 53). After review of the motion, the related briefs, and the applicable law, the Court concludes that Plaintiffs' motion should be granted.

## I.  Facts

Plaintiffs brought this suit in the 271st Judicial District Court, Wise County, Texas, alleging negligence, strict products liability for design, manufacturing, and marketing defects; breaches of the implied warranties of merchantability and fitness for a particular purpose; breach of express warranty; and liability under Texas Civil Practice and Remedies Code section 82.003(a). Plaintiffs allege that plaintiff Christian Helm was injured as a result of the insertion of an Accufuser pain pump into his left shoulder after surgery to repair a labral tear at Wise Regional Health System in Wise County, Texas. (Pls.' First Am. Pet. (Ex. 14 to doc. 1) 5-6, ¶¶ 4.1, 4.5.) The pain pump was put in Helm's shoulder to administer a post-operative pain relief medication, marcaine, on a continuous

basis. *(Id.* ¶¶ 4.3, 4.4.) Plaintiffs allege that as a result of the insertion of this device and the continuous injection of anesthetics through the pump, Helms suffered permanent damages to his shoulder joint, including a condition called chondrolysis. (*Id.* 6, ¶ 4.5.) This condition is the complete or nearly complete loss of cartilage in the shoulder joint, leaving bone on bone. *(Id.)* Plaintiffs sue numerous defendants who allegedly designed, manufactured, distributed, or marketed either the Accufuser pain pump or the drug marcaine.

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "AstraZeneca") removed the case to this Court, contending that this Court could exercise diversity subject-matter jurisdiction. AstraZeneca's notice of removal recognizes that defendants Brett Plyant; Southern Innovations, L.L.C.; and Plyant Medical, Ltd. (collectively, "the Plyant defendants"), are citizens of the state of Texas for purposes of diversity jurisdiction. (Notice of Removal (doc. 1) 6-7.) AstraZeneca's notice contends, however, that the Plyant defendants were improperly joined, and that their citizenship should thus be disregarded for purposes of determining the Court's jurisdiction. *(Id.)* Plaintiffs disagree and now seek remand.

## II.  Applicable Law

A defendant may remove from state court any civil action over which the federal court would have original jurisdiction. 28 U.S.C.A. § 1441(a) (West 2006). A federal court can exercise original

jurisdiction based upon diversity of citizenship where the case involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C.A. § 1332(a)(West 2006). An action is removable on the basis of diversity jurisdiction, however, "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b) (West 2006). As the removing parties, Defendants bear the burden of establishing the basis for federal jurisdiction. *See St. Paul Reins. Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

AstraZeneca contends that the Plyant defendants were improperly joined to defeat diversity jurisdiction. The purpose of an improper-joinder inquiry is to determine whether or not the in-state defendants were properly joined; thus, this Court must focus on the joinder and not the merits of Plaintiffs' case. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). A defendant may establish improper joinder by showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). AstraZeneca does not allege that Plaintiffs committed fraud in the pleading of jurisdictional facts; rather, it contends that Plaintiffs are unable to establish a cause of action against the Plyant defendants. (Notice of Removal (doc. 1) 7-8.)

Thus, this Court must decide whether there is no reasonable basis

ORDER GRANTING AMENDED MOTION TO REMAND - Page 3
TRM/chr

to predict that Plaintiffs might be able to recover against the Plyant defendants in state court. *See Smallwood*, 385 F.3d at 573. In so doing, the Court can either: (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant" or (2) "pierce the pleadings to conduct a summary inquiry." *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* Nevertheless, the second option applies "when a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of the joinder."[1] *Id.*

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions).

Nevertheless, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual

---

[1] The Fifth Circuit Court of Appeals stated that the "summary inquiry" will apply in cases that are "hopefully few in number." *Id.* at 573. The court gave as examples the following situations: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12.

allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 & 1974 (2007). A court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 1955. "A complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief--including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint under Rule 12(b)(6), the Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum*, 677 F.2d at 1050.

At all times the heavy burden of proving improper joinder remains on the removing party. *See Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007). In determining whether a defendant was improperly joined, a court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

### III. Analysis

Plaintiffs' first amended petition alleges that the Plyant defendants "distributed and marketed" the Accufuser pain pump, and that Brett Plyant "was the representative who sold" the pump that

was used in Helm's shoulder. (Pls.' First Am. Pet. ¶ 4.2.) Plaintiffs also allege that the Accufuser pain pump was "originally designed, manufactured, marketed and placed into the stream of commerce by defendant Moog." (*Id.*) Thus, Plaintiffs agree that the Plyant defendants were not manufacturers of the pain pump. Consequently, AstraZeneca contends that Plaintiffs' allegations are insufficient because they do not overcome the immunity to non-manufacturing sellers afforded under Texas law.

In Texas, non-manufacturing sellers like the Plyant defendants "are not liable for harm caused to the claimant by [a] product" unless the claimant can prove that one of seven enumerated exceptions applies. Tex. Civ. Prac. & Rem. Code § 82.003(a) (West 2011). Plaintiffs' amended petition contends that the three exceptions found in section 82.003(a)(4), (5), and (6) apply because:

> (1) [the Plyant defendants] "exercised substantial control over the content of a warning or instruction that accompanied the product [that was] inadequate and the claimant's harm resulted from the inadequacy of the warning or instruction" by representing that the Accufuser pain pump was suitable for use after shoulder surgery to administer post-operative pain relief medication; [Texas Civil Practice & Remedies Code § 82.003(a)(4)];
>
> (2) they "made an express factual representation about an aspect of the product [i.e. that it was suitable for its intended use] [that was] incorrect" and relied upon by Dr. Helm and Dr. Helm's surgeon resulting in Dr. Helm's damages and if the aspect of the product had been as represented Dr. Helm would not have been harmed by the product [Texas Civil Practice & Remedies Code 82.003(a)(5)]; and
>
> (3) they "actually knew of a defect to the [Accufuser pain pump] at the time the seller supplied" it to Dr. Helm "and the claimant's harm resulted from the defect" [Texas Civil Practice & Remedies Code § 82.003(a)(6).

(Pls.' First Am. Pet. 13, ¶ 6.8.)

In support of their allegations, Plaintiffs allege that Brett Plyant "was the representative who sold the Accufuser pain pump to Wise Regional Health Systems." (*Id.* 5, ¶ 4.2.) The Plyant defendants allegedly "distributed and marketed the pain pumps without doing a single study to determine the safety of high-volume pain pumps or what damage could be caused when physicians placed the catheter into the shoulder, much less directly into the shoulder joint space . . . . Instead, Defendants encouraged orthopedic surgeons to use the pumps and anesthetics, in tandem, in an untested and dangerous manner." (*Id.* 6, ¶ 4.6.) Plaintiffs further contend that the Plyant defendants "continued to sell and market these pumps with reckless indifference" even after the FDA rejected the manufacturers' requests for approval for placement of the pain pump in the shoulder joint space. (*Id.* 7, ¶ 4.7.) The Plyant defendants "never provided any warning or disclosed any information that the Accufuser pain pump used in Dr. Helm's surgery was not suitable for the intended purpose of use after shoulder surgeries to administer post-operative pain relief medication, marcaine, on a continuous basis." *(Id.* ¶ 4.8.) Similarly, the Plyant defendants "never provided any warning that the use of the Accufuser pain pump could cause chondrolysis or that its use as a pain pump for shoulder surgery had been specifically rejected by the FDA." *(Id.)* Plaintiffs further allege that Defendants "knew, or in the exercise of ordinary care should have known, that the Accufuser pain pump and anesthetic marcaine w[ere] defective and/or unreasonably dangerous to those persons undergoing shoulder surgery in which a pain pump is inserted into the shoulder

joint space and anesthetics are continuously injected into the shoulder space." (*Id.* at 8-9, ¶ 6.1.)

Construing the allegations in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs' first amended petition sets out sufficient factual detail to overcome a Rule 12(b)(6) challenge. Although Plaintiffs' allegations certainly could have been more detailed, they nevertheless suggest a reasonable possibility of overcoming the immunity provided to the Plyant defendants under section 83.003. Plaintiffs have alleged that Brett Plyant and his companies marketed the Accufuser pain pump used in Helm's surgery to the hospital and Helm's surgeon and, in so doing, made representations that the pump was safe to use in the shoulder for the purpose of delivering continuous pain medication. Plaintiffs allege that these representations were incorrect, were relied upon by Helm and his surgeon, and caused Helm's injuries. The Court concludes that Plaintiffs allegations are sufficient to suggest a reasonable possibility of recovery on their claims. *Cf. Crutchley v. I-Flow, Inc.*, No. 09-35, 2009 WL 650358, *1, 3 (E.D. Pa. March 12, 2009) (concluding that similar allegations were sufficient to state "a colorable state claim" against the nondiverse defendant such that his joinder "was not necessarily [improper]"); *Manfrey v. I-Flow Corp.*, No. 09-0034, 2009 WL 636349, *1-2 (E.D. Pa. March 9, 2009) (concluding that allegations that the nondiverse defendant "made false statements to physicians regarding the safety of the pain pumps while knowing that those physicians would rely on the allegedly false representations" were sufficient "to state a colorable claim" against

the nondiverse defendant so as to destroy diversity); *Ryles v. I-Flow Corp.*, No. 10-1315-AA, 2011 WL 669124, * (D. Or. Feb. 17, 2011) (concluding that similar allegations against a non-manufacturing pain-pump seller sufficiently stated a claim so as to defeat an improper joinder argument). Contrary to AstraZeneca's argument, the alleged representation with which Plyant has been charged is not simply that the product was safe; rather, it is that the product was safe for use in the shoulder to provide continuous pain medication. The pain pump thus might have performed well in other parts of the body, but, as a result of the Plyant defendants' alleged representations, was placed in a part of the body where it could not be safely used.[2]

Even if the Court conducted a summary inquiry, its conclusion would be the same. AstraZeneca requests the Court to give sole weight to the testimony of defendant Plyant that the only representations he made about the pain pump were that it was a "good" product and that he "had no reason to believe [it] was not safe." (AstraZeneca's Resp. (doc. 75) 6.) That testimony is, however, controverted by the affidavit of Helm's surgeon, Dr. McKenna, who avers that Plyant told him that "the Accufuser pain pump was safe to use in the shoulder joint after shoulder surgery to provide continuous injection of aesthetics such as marcaine." (Pls.' App. (doc. 54) 81.) The Court

---

[2]And thus the allegations in this case differ from those in *In re Yamaha Motor Corp Rhino ATV Products Liability Litigation,* No. 3:09-MD-2016-JBC, 2009 WL 939279, *3-4 (W.D. Ky. April 6, 2009), which was cited by AstraZeneca. In that case, the nonmanufacturing seller stated that his vehicle was "safer than a four wheeler." The court concluded that this statement was merely an assurance that the product was not defective and thus did not "'independently contribute [] to the harm caused by the defective product.'" *Id.* at *4 (quoting *Rubin v. Daimler Chrysler Corp.*, No. H0-44021, 2005 WL 1214650, *9 (S.D. Tex. May 20, 2005)). Here, the Plyant defendants' alleged representation was that the product was safe to use in the shoulder joint to deliver continuous pain medication.

cannot resolve this type of fact question regarding whether Plyant made such a representation and the contents thereof (i.e. the merits of the claim) in a summary inquiry in the improper-joinder context. If the question were whether Plyant distributed the product, a summary inquiry might be appropriate. But a summary inquiry in the jurisdictional context is not an appropriate vehicle to determine whether, and the extent to which, actionable representations about a product were made when it was sold. *See Smallwood,* 385 F.3d at 573-74 (stating that "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that preclude plaintiff's recovery against the in-state defendant").

## IV. Conclusion

For the foregoing reasons, the Court concludes that AstraZeneca has failed to carry its burden of demonstrating that the Plyant defendants were improperly joined. As a result, diversity jurisdiction is lacking, and this case is REMANDED to the 271st Judicial District Court, Wise County, Texas.

SIGNED July 27, 2011.

                                             /s/ Terry R. Means
                                             TERRY R. MEANS
                                             UNITED STATES DISTRICT JUDGE